UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LEONARD JACOB BOYD,

                    Plaintiff,           1:12-cv-00564-CL

          v.                             REPORT AND
                                         RECOMMENDATION
D. SCHMIDT, et al.,

                    Defendants.

CLARKE, Magistrate Judge.

     Plaintiff, an inmate in the custody of the Oregon Department
of Corrections, filed a complaint under 42 U.S.C. § 1983 alleging
violations of his constitutional rights in connection with his
arrest on criminal charges.

     The incident giving rise to plaintiff's claims occurred in
April, 2010.   Plaintiff filed his complaint on March 30, 2012.

1 - REPORT AND RECOMMENDATION

By Order (#96) entered November 19, 2013, this court ordered:

Defendants' Motions to Compel (#90) and (#93) are allowed. Plaintiff is hereby ordered to respond to defendants' discovery requests within 14 days of the date of this order and to file copies of the responses with the court. No extensions of time will be allowed and failure to file responses as directed herein will result in the dismissal of this action.

Plaintiff is further ordered to show cause in writing within 14 days of the date of this order why defendants' Motion to Dismiss (#88) and (#94) should not be allowed. No extensions of time to comply with this directive will be allowed and failure to show cause as directed will result in the dismissal of this action for failure to prosecute.

Plaintiff has not responded to defendants' discovery requests as ordered by the court, or shown cause why this action should not be dismissed for failure to prosecute. Plaintiff filed a "Motion for relief from orders" (#98) in which he complains of a lack of resources and lack of library time and legal assistance. However, since the date of the court's to show cause within 14 days (November 19, 2013), plaintiff has filed five "motions for Subpoena Duces Tecum" and supporting declarations consisting of over 50 pages. I also note that since the date of the court's show cause order, plaintiff has filed a motion and multiple exhibits in *Boyd v. Miller*, 3:12-cv-1010.

The granting of involuntary dismissal rests in the sound discretion of the court. Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962) Appropriate factors to weigh in determining whether a case should be dismissed for failure to prosecute include: "(1) the public's interest in expeditious resolution of litigation; (2) the

2 - REPORT AND RECOMMENDATION

court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1432 (9th Cir. 1986).

In exercising its discretion, the court should consider the length of time that the case has been pending. Laurino v. Syringa Gen. Hospital, 279 F.3d 750, 753 (9th Cir. 2002). In addition, dismissal for failure to prosecute must be supported by unreasonable delay, which creates a presumption of prejudice to the defense. Nealy v. Transportacion Maritima Mexicana S.A., 662 F.2d 1275, 1280 (9th Cir. 1980). A plaintiff's failure to prosecute diligently creates a rebuttable presumption of prejudice, which the plaintiff must overcome by establishing a non-frivolous excuse for the delay." LaFrance v. U.S. Filter, 2006 WL 3097422, *2 (D. Ore. 2006). A plaintiff's failure to diligently prosecute his claims is sufficient to justify involuntary dismissal. See, Morris v. Morgan Stanley & Co., 943 F.2d 648, 651 (9th Cir. 1991).

Plaintiff waited until the eve of the expiration of the statute of limitations to file this action which has now been pending for almost two years. I find that this delay is unreasonable and that plaintiff has failed to establish a non-frivolous excuse for the delay. In addition, I find that defendants have been prejudiced by plaintiff's failure to comply with defendants discovery request and failure to comply with the

court's order compelling discovery.

Plaintiff has been allowed more than sufficient time to comply with defendants' discovery requests and the court's order to do so. Plaintiff has be afforded sufficient time and opportunity to litigate his claims and has failed diligently to do so.

Defendants' motions to dismiss for failure to prosecute (#88) and (#94) and motions to dismiss for failure to comply with a court order (#100) and (#102) should be allowed. Defendants' Motion to Quash Subpoena (#110) should be allowed; Plaintiff's motions for subpoena duces tecum (#104), (#106), (#108), (#112) and (#114) should be denied. The Clerk of the Court should be directed to enter a judgment dismissing this action with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of

a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

*Any appeal from an order or judgment of dismissal of this case would be frivolous and not taken in good faith.  Therefore, plaintiff's* in forma pauperis *status should be revoked.*

DATED this 2️⃣8️⃣ day of February, 2014.

Mark D. Clarke
United States Magistrate Judge

5 - REPORT AND RECOMMENDATION